BIELENBERG, RESPONDENT, *v.* EYRE ET AL., RESPONDENTS;
HARE, APPELLANT.

(No. 3,045.)

(Submitted December 13, 1911. Decided January 4, 1912.)

[120 Pac. 243.]

*Water Rights—Priority—Evidence—Erroneous Decree—Equity
Cases—Final Disposition by Supreme Court.*

Water Rights—Priority—Evidence—Erroneous Decree.
1.   Where the evidence in a water right suit showed that while the
ditches of A and B tapping a creek were completed in the same month
of the same year, that of A was finished and in use before that of B,
the court erred in decreeing the prior right to B.

Same—Date of Appropriation—How Fixed.
2.   The relative rights of water claimants in a case such as the one re-
ferred to in paragraph 1 above having been determined, the fixing of
the particular date of the appropriation of each was merely incidental
to the determination of the principal question—that of priority.

Equity Cases—Final Disposition by Supreme Court.
3.   Under section 6253, Revised Codes, the supreme court will, on ap-
peal in an equity case, the evidence introduced at the trial of which
is all contained in the record and presents not any substantial conflict,
order such modifications of the decree, based upon an erroneous in-
terpretation of the evidence, as will render a retrial unnecessary.

*Appeal from District Court, Powell County; W. R. C. Stewart,
Judge of the Ninth Judicial District, presiding.*

ACTION by N. J. Bielenberg against J. B. Eyre and others to
determine the relative rights of the parties to the use of the
waters of Powell creek.   Defendant J. B. Hare appeals from the
decree so far as it determines the question of priority between
himself and defendant Eyre.   Modified and affirmed.

*Mr. S. P. Wilson,* for Appellant, submitted a brief, and argued
the cause orally.

*Messrs. Rodgers & Rodgers,* and *Mr. Moncure Cockrell* sub-
mitted a brief in behalf of Respondent; *Mr. W. H. Rodgers*
argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to have determined the relative rights of the parties to the use of the waters of Powell creek, in Powell county. The defendant Hare has appealed from the judgment and from an order refusing him a new trial; but the appeals attack the findings of the trial court and the decree only so far as they determine the question of priority as between the right of Hare and the right of defendant Eyre.

The trial court awarded to each of these parties a right to the use of forty inches of water. There is not any question of forfeiture or abandonment involved, and all the evidence in the record, except that reflecting upon the original appropriations of Eyre and Hare, may be discarded. Neither of these parties knew anything of the origin of his claim. Each had come into the neighborhood and acquired his right at a comparatively recent date. The original appropriator of the Eyre right, and the predecessor of Eyre in the lands to which that right is appurtenant, was John Creighton; while the original appropriator of the Hare right, and Hare's predecessor in interest, was John Williams. And Creighton and Williams were the only witnesses who testified concerning these respective appropriations. While there are slight inconsistencies in the testimony of these men, due no doubt to the lapse of time, there is not any conflict whatever The effect to be given to their testimony was the only question which confronted the trial court and is the only one for our determination. Stripped of all useless verbiage, the evidence given by these witnesses follows:

John Creighton testified that he settled on the Eyre land in the fall of 1881, and constructed the Eyre ditch in the spring of 1882, and by means of it conveyed water from Powell creek upon his lands and irrigated crops of grain and vegetables during the season of 1882; that at the time he started constructing the Eyre ditch, John Williams had the Hare ditch already constructed and was taking water through it; that he saw water running through

the Hare ditch onto Williams' ranch at the time he started work on the Eyre ditch.

John Williams testified that he settled on the Hare land in 1879; that in the spring of 1882 he completed a ditch which had been commenced theretofore by a man by the name of Evans, and which incomplete ditch Williams had purchased in December, 1881, from Evans; that at the time he completed this ditch (the Hare ditch) it was the only one tapping Powell creek; that he was using water to irrigate his crops in the spring of 1882, before Creighton started to construct the Eyre ditch; that when water became scarce he would turn the water Creighton was using back into the creek and down to the head of his ditch; and that Creighton did not object to his doing so.

Creighton testified that he could not state the month of 1882 when he first used water through the Eyre ditch. He was then asked by counsel for Eyre: "Do you remember whether it would be as early as the month of May or not?" To which he answered: "Well, I can safely say it was; it would be in May." When Williams was asked to state the time when he first used water through the Hare ditch, he said: "Well, it must have been something near this time, I guess." He was referring to the time of trial, which started on May 25.

Upon this evidence the court, by its findings 4 and 5, fixed the date of the respective appropriations as follows: Eyre, in June, 1882; and Hare, in July, 1882. The evidence discloses that the Eyre ditch was short and required but little time to [1] construct. Giving to Creighton's testimony that he had the Eyre ditch constructed and in use in May, 1882, its utmost effect, it is not at all inconsistent with the idea that he completed the ditch and turned the water through it during the very last days of May. Giving to Williams' testimony any consideration whatever, it is not inconsistent with the idea that he had the Hare ditch completed and in use by the middle of May or earlier; while to give priority to the Eyre right over that of Hare does violence to all the evidence upon the subject and does not find any support whatever in this record. The one question for determination is:

Which of these men—Creighton or Williams—first completed his ditch and put the water to a beneficial use? Both Creighton and [2] Williams answer this, "Williams," and no one disputes it. As said by this court in *McDonald* v. *Lannen,* 19 Mont. 78, 47 Pac. 648: "The particular day of the month is incidental merely to the determination of the question of priority."

Since the evidence is all before us, and there is not any substantial conflict, a new trial is unnecessary; but it is the duty of [3] this court to give such directions and order such modifications of the decree as will finally determine the controversy. (Rev. Codes, sec. 6253.) The findings of the trial court should have been: (1) That the defendant Eyre and his grantors and predecessors in interest appropriated forty inches of the waters of Powell creek in May, 1882; (2) that the defendant Hare and his grantors and predecessors in interest appropriated forty inches of the waters of Powell creek in May, 1882, but that the appropriation of Hare was made prior to the appropriation of defendant Eyre.

The order refusing a new trial will be affirmed. The cause is remanded to the district court, with directions to modify findings of fact 4 and 5 to conform to the suggestions made herein, and to modify the decree to meet the change thus made in the findings, and as thus modified the decree will be affirmed. The appellant will recover his costs of appeal.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.